UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BETTY WRIGHT, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOUTHERN HEALTH PARTNERS, INC., ) <br> SHERIFF BLAKE TURMAN, ) <br> and CAPTAIN THOMAS HUGGHINS, ) <br> Defendants. ) | Civil Action No. <br><br> JURY DEMAND |

_____

# COMPLAINT

Plaintiff, Betty Wright, by and through her undersigned counsel, hereby files this Complaint against Southern Health Partners, Sheriff Blake Turman, and Captain Thomas Hugghins (collectively "Defendants"), and in support of her claims, states as follows:

## I. INTRODUCTION

1. This action is brought by Betty Wright, a former employee of Southern Health Partners and the Covington County Jail, asserting claims of racial and religious discrimination, retaliation, and violations of her constitutional rights under 42 U.S.C. § 1983, arising out of her termination from employment on May 16, 2024.

1

2. Plaintiff alleges that Defendants subjected her to discriminatory treatment based on her race and religion, retaliated against her for engaging in protected activities, and violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

3. Plaintiff seeks relief for the unlawful actions of the Defendants, including but not limited to back pay, compensatory damages, emotional distress, punitive damages, and reasonable attorney's fees and costs.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as the action arises under federal law, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as the events giving rise to the claims occurred in Covington County, Alabama, within this District.

## III. PARTIES

6. Plaintiff, Betty Wright, is an African American female, 60 years old, and a resident of Covington County, Alabama. She was employed as a nurse at

Southern Health Partners, contracted to provide healthcare services at Covington County Jail, from May 2018 until her wrongful termination on May 16, 2024.

7. Defendant Southern Health Partners, Inc. is a healthcare provider that contracted with Covington County Jail to provide medical and mental health care to inmates. At the time of the events described in this Complaint, Southern Health Partners had more than 500 employees, and Plaintiff worked at the Covington County Jail under their employment. Southern Health Partners, Inc. is a foreign corporation headquartered and with its principal place of business in Delaware.

8. Defendant Sheriff Blake Turman is the Sheriff of Covington County and as such has supervisory and administrative authority over the Covington County Jail and is the chief policymaker with respect to that Jail. Sheriff Turman has been in this role since January 2019 and at all times since has overseen the contract between Covington County Jail and Southern Health Partners. Sheriff Turman is a while male who Plaintiff alleges subjected her or allowed her to be subjected to discriminatory treatment and harassment based on her race and religion. At all times relevant, Sheriff Blake Turman was acting under color of state law.

9. Defendant Captain Thomas Hugghins is a former supervisor and officer at Covington County Jail, sued in his individual capacity. He is a white male who Plaintiff alleges subjected her to discriminatory treatment and

3

harassment based on her race and religion. At all times relevant, Captain Hugghins was acting under color of state law.

## IV. FACTUAL ALLEGATIONS

### A. Employment Background and Discriminatory Treatment

10. Plaintiff, Betty Wright, was employed by Southern Health Partners at Covington County Jail beginning in May 2018. Ms. Wright was hired as a nurse and was responsible for providing healthcare services to incarcerated individuals. She has over 20 years of experience as a nurse, including five years of experience working with detained, jailed, or incarcerated patients.

11. Southern Health Partners initially hired Ms. Wright through Andalusia Health, which later became part of Southern Health Partners when the company took over the contract to provide medical care at Covington County Jail.

12. Throughout her employment, Ms. Wright performed her duties competently, earning $24 per hour, with an average of 50-60 hours worked each week. However, Ms. Wright was subjected to increased scrutiny, disparate treatment, and discriminatory conduct compared to similarly situated white, non-African American employees, including Tiffany, a younger, white nurse with less experience.

13. Ms. Wright, who practices Pentecostal-Holiness and wears a dress to work, was also subjected to discriminatory treatment based on her religious beliefs. While she would work every other weekend due to her church commitments, she occasionally asked the other nurse to switch shifts, which was sometimes met with resistance or hostility.

14. Ms. Wright was subjected to harassment and discriminatory remarks from her supervisor, Kim Miller, a white female nurse, and Captain Hugghins, who is alleged to have exerted undue pressure on Ms. Miller to terminate Plaintiff.

15. In addition to racial and religious discrimination, Ms. Wright believes that Captain Hugghins was engaged in sexual harassment and favoritism toward female employees, which included making sexual advances toward female staff members, including one of his assistants, Pam, who was later fired. These actions created a hostile work environment.

16. Ms. Wright made several complaints regarding the conditions at the jail, including the death of an inmate, which she believed could have been related to the substandard healthcare provided. After voicing her concerns, Plaintiff became the subject of increased hostility and was ultimately terminated.

B. Protected Activity and Retaliation

17. On or about May 16, 2024, Plaintiff was informed by Susan Christianson, a representative of Southern Health Partners, that she was being terminated for "not doing her job." This termination occurred after Ms. Wright raised concerns about the conditions at the jail, including the death of an inmate.

18. Plaintiff had previously engaged in protected activity by reporting sexual harassment by Captain Hugghins and the poor healthcare conditions at the jail, which Plaintiff believes directly led to the inmate's death. Ms. Wright's complaints were made both internally and through Lisa Byrd, a fellow employee who was also aware of Hugghins' transgressions.

19. Plaintiff believes her termination was a direct result of her whistleblowing regarding the misconduct of Captain Hugghins and the adverse working conditions at the jail, in violation of both Title VII and state law protections against retaliation.

C. Damages

20. As a result of the unlawful discrimination, retaliation, and wrongful termination, Plaintiff has suffered significant economic harm, including but not limited to lost wages, loss of benefits, emotional distress, and damage to her professional reputation.

21. Plaintiff's termination also caused her to lose valuable Paid Time Off (PTO) hours, totaling 122 hours ($2,928), and caused significant damage to her career prospects in the healthcare industry.

## V. CAUSES OF ACTION

### Count I: Title VII Discrimination – Race and Religious Beliefs (Against Southern Health Partners)

22. Plaintiff realleges and incorporates by reference Paragraphs 1-21.

23. Defendants' actions constitute unlawful discrimination under Title VII based on Plaintiff's race (African American) and religion (Pentecostal-Holiness), including but not limited to disparate treatment, harassment, and wrongful termination.

### Count II: Title VII Retaliation (Against Southern Health Partners)

24. Plaintiff realleges and incorporates by reference Paragraphs 1-21.

25. Defendants retaliated against Plaintiff for engaging in protected activity by reporting unlawful conduct, including sexual harassment and poor healthcare conditions, resulting in her wrongful termination.

### Count III: 42 U.S.C. § 1983 Equal Protection Violation (Against Sheriff Blake Turman and Captain Hugghins)

7

26. Plaintiff realleges and incorporates by reference Paragraphs 1-21.

27. Defendants Sheriff Blake Turman and Captain Hugghins discriminated against Plaintiff in violation of her constitutional rights under the Equal Protection Clause of the Fourteenth Amendment by subjecting her to unequal treatment based on race and religion.

### Count IV: 42 U.S.C. § 1981 Discrimination through 42 U.S.C. § 1983 (Against Sheriff Blake Turman and Captain Hugghins)

28. Plaintiff realleges and incorporates by reference Paragraphs 1-21.

29. Defendants' conduct, including harassment and unequal treatment, violates 42 U.S.C. § 1981 and was based on Plaintiff's race, resulting in significant damages to her.

### Count V: 42 U.S.C. § 1981 Retaliation through 42 U.S.C. § 1983 (Against Sheriff Blake Turman and Captain Hugghins)

30. Plaintiff realleges and incorporates by reference Paragraphs 1-21.

31. Defendants' conduct, including harassment and unequal treatment, violates 42 U.S.C. § 1981 and was based on Plaintiff's race, resulting in significant damages to her.

32. Defendants' conduct, particularly the increase and aggravation of said conduct, was undertaken because Defendants knew that Plaintiff had reported previous violations.

### Count VI: 42 U.S.C. § 1983 Negligent Training and Supervision (Against Sheriff Blake Turman)

33. Plaintiff realleges and incorporates by reference Paragraphs 1-21.

34. Defendant Turman was responsible for the training and supervision of jail staff, including Captain Hugghins.

35. Defendant Turman turned a blind eye to Captain Hugghins's misconduct, including harassment and unequal treatment.

36. Defendant Turman negligently failed in his duty to protect those interacting with his department from civil rights violations, in violation of 42 U.S.C. § 1983 and resulting in significant damages to Plaintiff.

### Count VII: Retaliation (General – Ala. Code § 36-25-24) (Against Southern Health Partners, Sheriff Blake Turman, and Captain Hugghins)

37. Plaintiff realleges and incorporates by reference Paragraphs 1-21.

38. Defendants retaliated against Plaintiff for her whistleblowing regarding sexual harassment and unsafe working conditions, culminating in her wrongful termination.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award Plaintiff compensatory damages, including back pay, front pay, and any other economic losses incurred as a result of Defendants' unlawful actions;

2. Award Plaintiff damages for emotional distress, mental anguish, and harm to her professional reputation;

3. Award Plaintiff punitive damages for Defendants' willful and malicious conduct;

4. Award Plaintiff attorney's fees, costs, and litigation expenses;

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 24th day of December 2024.

/s/ Richard A. Rice
Richard A. Rice
ASB8387I66R

/s/ Spencer E. Bowley
Spencer E. Bowley
ASB9281Y44Q

OF COUNSEL:
**THE RICE FIRM LLC**
115 RICHARD ARRINGTON JR. BLVD.
Birmingham, Alabama 35203
(205) 618-8733 - Telephone
(888) 391-7193 - Fax

Attorneys for Plaintiff Betty Wright

JURY DEMAND

Request for Service By Certified Mail (Clerk):

Please serve Defendants at the following addresses:

Southern Health Partners, Inc.
c/o C T Corporation System
2 North Jackson Street Suite 605
Montgomery, AL 36104

Sheriff Blake Turman
108 Beth Dr.
Opp, AL 36467

Captain Thomas Hugghins
8870 Hugghins Rd.
Red Level, AL 36474