IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
BETTY WRIGHT,                    )
                                 )
    Plaintiff,                   )
                                 )    CIVIL ACTION NO.
    v.                           )      2:24cv838-MHT
                                 )          (WO)
SOUTHERN HEALTH PARTNERS,        )
INC., et al.,                    )
                                 )
    Defendants.                  )
```

SHOW-CAUSE ORDER

Plaintiff has two attorneys representing her in this case.

On February 24, 2025 (the deadline for plaintiff to respond to one of the defendant's motions to dismiss), plaintiff's counsel filed a motion for an extension of time to respond to the motions. Counsel requested an extension until March 10, 2025, to respond to the motions and to file an amended complaint. The court granted the extension. March 10 came and went without any filings from plaintiff.

On June 3, 2025--almost three months after the

extended deadline--plaintiff's counsel filed a motion for leave to file an amended complaint. All defendants opposed the motion. The court held a hearing on June 9, 2025, to discuss counsel's motion to amend. During the hearing, the court asked why 'neither' of the two attorneys representing plaintiff had asked for a further extension or previously informed the court of a reason for the delay and a reason for ignoring the court's deadline. Plaintiff's counsel could not provide a sufficient reason why at least one of them could not have acted in a timely matter in this litigation.

Accordingly, it is ORDERED that:

(1) By June 27, 2025, plaintiff's counsel shall show cause as to why the court should not require that they 'personally' bear all of the defendants' costs resulting from plaintiff's counsel's delay of this litigation. *See* 28 U.S.C. § 1927 ("Any attorney or other person

      admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

(2) Defendants shall file a response by July 7, 2025.

DONE, this the 20th day of June, 2025.

                                            /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**